HOSMER BROTHERS, Respondents, v. ST. JOSEPH TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 8, 1899.

Insurance: PRESCRIBED TIME FOR BEGINNING ACTION: DENIAL OF LIABILITY. A stipulation in an insurance policy prescribing that indemnity shall not be due until a certain time after proofs, etc., does not contemplate a case where the insurer denies all liability, declines the proofs and refuses to ascertain or adjust the loss.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

JAMES M. WILSON and GRANT S. WATKINS for appellant.

(1) Under the contract the claim would not become due until the expiration of the sixty days, and a denial of liability could not have the effect to make it due any more than a denial of liability upon a note payable in the future could have the effect to make it due immediately. Quinn v. Ins. Co., 71 Iowa 615. The case of Phillips v. Ins. Co., 14 Mo. 220, does not apply. In the case at bar the proofs were rendered to the company and actually received by them. There is no element of estoppel in the transaction; defendant did nothing to induce plaintiffs to bring their action too soon. Nor had it done any act which could have induced the belief that it would not rely upon and urge in its own behalf all defenses arising upon the facts of the case. Vore v. Ins. Co., 76 Iowa 548.

SCOTT & BOWKER for respondents.

(1) A clause in a policy requiring payment to be made sixty days after loss, and filing proofs at the office, applies

to cases of adjustment by the officers and none other. If the company refuses to adjust, an action will lie within the sixty days. Phillips v. Ins. Co., 14 Mo. 220; Landis v. Ins. Co., 56 Mo. 591. (2) An absolute denial of liability under a policy of insurance on other grounds than failure to furnish proofs of loss, constitutes a waiver of formal proofs. Mensing v. Ins. Co., 36 Mo. App. 602; Jefferson v. Life Ass'n, 69 Mo. App. 126; State v. Fritterer, 65 Mo. 422; Carpenter v. McDavitt, 66 Mo. App. 1.

GILL, J.—This is a suit on an insurance policy, and the sole question is whether or not the action was prematurely brought. The policy—after requiring the assured, within sixty days after the fire, to furnish a sworn statement to the company, informing it as to the time, origin and circumstances of the fire, the cash value of the property, etc., provides as follows: "The adjusted claim under this policy shall be due and payable sixty days after the full completion by the assured of all the requirements herein contained. And the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proofs of loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

This suit was commenced within less than sixty days after plaintiffs had furnished the proofs of loss. It is then contended that the action must fail under the clause of the policy above quoted. The evidence showed, however, that shortly after the fire, before the proofs were made, and at all times thereafter, defendant denied all liability on the policy, refused to ascertain or adjust the loss, and its officers stated to plaintiffs that the only way they "could ever get a settlement was at the end of a law suit."

On these facts the clause before quoted has no application. Said provision was intended for cases where the company received the proofs and set about to ascertain and adjust the

loss. It does not contemplate a case where the company denies all liability, declines the proofs and refuses to ascertain or adjust the loss. If it were so, then under the strict letter of the provision, the company would be allowed to postpone the claim of the assured and defeat the same entirely by mere non-action. In Phillips v. Ins. Co., 14 Mo. 220, the supreme court dealt with a similar clause under similar facts. The policy there provided that "payment of loss should be made in sixty days after the loss shall have been ascertained and proved and the proof received at the office." Judge Napton used this language: "It is obvious that this clause applies to cases of an adjustment by the officer and to no other. Where the company refuses to adjust, a literal compliance with the article would prove a bar to a suit at law." And it was there decided that the suit would not fail though brought before the sixty days had expired.

Judgment affirmed. All concur.